THE PEOPLE *against* THE JUSTICES OF THE GENERAL SES-SIONS OF THE PEACE OF HERKIMER COUNTY.

A general warrant or *venire*, under the seal of the Court to the Sheriff, to summon grand and petit jurors, for the trial of all the causes which are to be tried, before a Court of General Sessions of the Peace, returned with the panels of jurors annexed, in the manner directed by the 11th section of the act of *February*, 1813, (1 *N. R. L.* 325. sess. 36. ch. 4.) is sufficient; and there need not be a *venire* in each particular cause.

Where such *venire* is tested out of term, the Court of Sessions may amend it, it being a mere clerical mistake.

A person convicted, cannot take advantage of such mistake, in arrest of judgment.

A WRIT of *mandamus* was issued, at the last term, directed to the Justices of the General Sessions of the Peace of *Herkimer* county, commanding them to render judgment on the verdict found on the trial of *James Boyle*, in that Court, on an indictment for perjury, or show cause, &c. From the return to the *mandamus*, it appeared, that *B.* pleaded not guilty, and was tried in *December* last, and the jury found a verdict of guilty; on which judgment was suspended by the Court until *May*, when his counsel moved in arrest of judgment, on the ground that no writ of *venire facias* has been issued to the Sheriff of *Herkimer* to summon a jury to try the issue of traverse on the indictment. It appeared, that a precept under the seal of the Court, tested the 30th of *November*, 1821, was issued to the Sheriff, to summon twenty-four good and lawful men, to serve as a grand inquest, &c., and also, thirty-six good and lawful men, &c. " to make a jury for the trial of such causes as should then and there be tried, &c." The Sheriff returned the writ, with two panels annexed, one containing the names of twenty-four grand jurors, and the other the names of thirty-six petit jurors, certified under the hand of the clerk : and that the jurors had been regularly summoned by him ; and their names had been regularly drawn from the jury box kept in the office of the clerk of the Court of C. P. of *H.* The counsel for the prisoner objected, that the general precept to summon a jury for all issues, was insufficient ; and because the certificate of the clerk to the panel, which was dated the 23d of *November*, 1821, being out of term, was, therefore, irregular and void. The Court of Sessions, on both

UTICA,
October, 1822.

The PEOPLE
v.
GENERAL
SESSIONS OF
HERKIMER.

grounds, considered the trial irregular, and arrested the judgment : and they stated this to be the cause why they had not proceeded to render judgment on the verdict.

*Ford*, (D. A.) now moved for a peremptory *mandamus*. He said the only question was, whether the trial of *B*. was irregular, because no *venire* was issued to try that particular traverse. The case of *The People* v. *M'Kay*, (18 *Johns. Rep*. 212.) was decided upon the general ground, that the " act for regulating trials of issues, and for returning able and sufficient jurors," (1 *N. R. L.* 328. sess. 36. ch. 4.) and the " act concerning Circuit Courts and Sittings, and the Courts of Oyer and Gaol Delivery," (1 *N. R. L.* 335. sess. 36. ch. 66.) must be considered in *pari materia ;* and as the latter act declared, in terms, that the District Attorney shall issue a warrant, under the seal of the Supreme Court, to the Sheriff, &c., the trial in that cause was irregular, as no such warrant had been issued. The present case was in the Court of General Sessions of the Peace, and the first act only was to be taken into consideration. He contended, that it had been the long established, and invariable prac‑ tice of the District Attorneys, in the several counties, to issue general warrants to the Sheriffs, for summoning jurors for the Courts of Sessions, to try all the causes, instead of issuing a *venire* in each particular cause. He said, that the act (1 *N. R. L.* 328.) required the clerk " to make out and certify under his hand, a panel of the names of the jurors so drawn out, with their respective places of abode and additions, and deliver the same to the Sheriff, or officer whose duty it shall be to summon the several persons," &c. This certifi‑ cate is the act of the clerk, and there is nothing in the sta‑ tute which requires that it should be tested in term, or sealed.

*Lynch*, contra, said, that at common law, a *venire* was es‑ sentially requisite to authorize the Sheriff to summon a jury. In the case of *The People* v. *M'Kay*, it was con‑ tended, that the *eleventh* section of the act of the 25th of *February*, 1813, (1 *N. R. L.* 325. 328.) dispensed with the necessity of issuing a *venire* in each cause; but the Court decided, that a *venire* was requisite. By the 16th section

UTICA,
October, 1822.

The People
v.
General
Sessions of
Herkimer.

of the act, (1 *N. R. L.* 339.) grand and petit jurors are required to be summoned by the Sheriff; and the Court held, that a *venire* was necessary for that purpose. The Sheriff is required, in the same terms, to summon jurors for the General Sessions of the Peace; and of course a *venire* was necessary. As this is not an application by the prisoner himself, he cannot be again tried for the same offence; and if the Court should be of opinion, that the Sessions were right in arresting judgment, the defendant, who is now in prison, ought to be discharged.

Again; if the precept set forth in the return is to be considered as a *venire*, it is void, for being tested out of term.

*Per Curiam.* The *eleventh* section of " the act for regulating trials of issues, and for returning able and sufficient jurors," (1 *N. R. L.* 325. sess. 36. ch. 4.) supersedes the necessity of a *venire* in each particular cause. In the case of *The People* v. *M'Kay*, which was in the *Oyer and Terminer*, there was no *venire* at all; for the paper purporting to be a *venire*, not having the seal of the Court, was considered a nullity. But the general *venire* in this case, was under *seal*, and was regularly returned with the panels of jurors annexed. And though it may have been tested out of term, it was not, therefore, void; but the Court of Sessions had the power to amend it, by altering the teste to the last day of the preceding Court, it being the mere act of the clerk; and the defendant in the Court below could not take advantage of such an error or irregularity, in arrest of judgment.

Motion granted.